**PIERCE ATWOOD LLP**

MARK B. ROSEN

One New Hampshire Avenue
Suite 350
Pease International Tradeport
Portsmouth, NH  03801
P 603.373.2015
F 603.433.6372

100 Summer Street
22nd Floor
Boston, MA 02110
P 617.488.8100
F 617.824.2020
mrosen@pierceatwood.com

pierceatwood.com

*Admitted in:* MA, NH, NY, D Mass, DNH, EDNY, SDNY

June 4, 2025

**BY ECF**
The Honorable Hector Gonzalez
United States District Judge
225 Cadman Plaza East
Brooklyn, New York 11201
Courtroom: 6A South
Gonzalez_Chambers@nyed.uscourts.gov

Re:   *Hastings v. TD Bank, N.A.*, C.A. No. 25 Civ. 2336 (HG) (E.D.N.Y.)
     **Letter-Motion for Pre-Motion Discovery Conference on Unopposed Motion to Stay Discovery Pending Resolution of Defendant's Forthcoming Motion to Dismiss**

Dear Judge Gonzalez:

We represent defendant TD Bank, N.A. ("Defendant" or "TD Bank") in the above-captioned action and write pursuant to L.R. 37.2 and Rule IV.A.1. of Your Honor's Individual Practices to request a pre-motion discovery conference on Defendant's intended *unopposed* motion to stay discovery pending the Court's decision on Defendant's forthcoming motion to dismiss the complaint of plaintiff Joshua Hastings ("Plaintiff"). The parties have conferred regarding the requested postponement of discovery and Plaintiff consents to the relief requested herein and does not oppose Defendant's motion to stay discovery. Accordingly, for the below reasons, Plaintiff requests that, in the alternative to scheduling a pre-motion discovery conference, the Court grant Defendant's unopposed motion to stay discovery and Order that discovery shall be stayed until 14 days after the Court's decision on Defendant's motion to dismiss. The parties have submitted a joint Civil Case Management Plan that accommodates the stay of discovery requested herein.

"Under Federal Rule of Civil Procedure 26(c), a district court may stay discovery during the pendency of a motion to dismiss for 'good cause shown.'" *Chesney v. Valley Stream Union Free Sch. Dist. No. 24*, 236 F.R.D. 113, 115 (E.D.N.Y. 2006) (quoting *In re Currency Conversion Fee Antitrust Litig.*, No. MDL 1409, M21–95, 2002 WL 88278, at *1 (S.D.N.Y. Jan. 22, 2002)) (citations omitted). Although the mere filing of a motion to dismiss does not constitute good cause for a discovery stay, good cause exists when, as here, "movants raise substantial issues with regard to many, if not all, of the causes of action alleged in the complaint." *Id.* A stay of discovery is also appropriate when, as here, "[t]here is no claim that the plaintiffs will be prejudiced by issuance of a stay of discovery. . . . [and] there is no opposition filed by the plaintiffs to this application." *Id.* at 116.

Hon. Hector Gonzalez
June 4, 2025
Page 2

      Defendant's anticipated motion to dismiss will raise substantial issues that are dispositive of the sole claim alleged in Plaintiff's complaint—alleged violations of N.Y. GBL § 349 based on TD Bank's charging Plaintiff a fee to receive paper account statements for his checking account, purportedly in violation of N.Y. GBL § 399-zzz. Plaintiff's complaint should be dismissed as a matter of law because Plaintiff's claim is preempted by the National Bank Act, which exclusively governs TD Bank's ability to charge non-interest fees on deposit accounts. Additionally, Plaintiff has not sufficiently pleaded an N.Y. GBL § 349 claim because (1) the statute underlying plaintiff's claim, N.Y. GBL § 399-zzz, is an unconstitutional restriction on TD Bank's First Amendment rights to the extent it applies to TD Bank, and (2) N.Y. GBL § 399-zzz does not apply to the account statements plaintiff received. Indeed, in *Manship v. TD Bank, N.A.*, 2021 WL 981587 (N.D.N.Y Mar. 16, 2021), Chief Judge Suddaby dismissed a substantively identical case with prejudice.

      As described above, Defendant intends to assert several purely legal grounds for dismissing Plaintiff's complaint in its entirety. These defenses include defenses that Chief Judge Suddaby found meritorious in *Manship*. Furthermore, Plaintiff purports to represent a class of individuals and, therefore, discovery in this case would be complex and thus unduly burdensome prior to a decision on Defendant's motion to dismiss, which could obviate the need for costly class discovery. Accordingly, it would promote judicial efficiency and avoid waste of the parties' resources to postpone discovery until this Court rules on Defendant's motion to dismiss.

      Plaintiff would not be prejudiced by the requested discovery stay—in fact, Plaintiff does not oppose this request.

      The parties met and conferred regarding the relief requested herein on May 23, 2025 at 11:00 am by Microsoft Teams virtual meeting. Julian Diamond, on behalf of the Plaintiff, and Lucus Ritchie and Mark Rosen, on behalf of the Defendant, attended the conference which lasted approximately 30 minutes. Counsel for the Plaintiff indicated that Plaintiff does not oppose the requested stay of discovery.

      Accordingly, Defendant respectfully requests that the Court schedule a pre-motion discovery conference or, in the alternative (since the motion to stay is unopposed), grant Defendant's motion to stay discovery and Order that discovery shall be stayed until 14 days after the Court's decision on Defendant's motion to dismiss. Thank you very much for your consideration.

      Respectfully submitted,

      /s/ Mark B. Rosen
      Mark B. Rosen

#18200017v1